**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and PIPE FITTING COUNCIL OF GREATER CHICAGO, | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>CASE NO.: 17-CV-5121<br><br>JUDGE:<br><br>MAGISTRATE: |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) ) | |
| TEMP CONTROL, INC., an Illinois Corporation; and ALICJA MILLER; an Individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Now come Plaintiffs, the PIPE FITTERS RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants, TEMP CONTROL, INC., ("TEMP CONTROL"), an Illinois Corporation, and ALICJA MILLER ("MILLER"), and allege as follows:

**JURISDICTION AND VENUE**

1.     This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. 29 U.S.C. §§ 185, 1132 and 1145. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 185(a) and 28 U.S.C.

1

§ 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that THE PIPE FITTERS' RETIREMENT FUND, LOCAL 597; THE PIPE FITTERS' WELFARE FUND, LOCAL 597; THE PIPE FITTERS' INDIVIDUAL ACCOUNT AND 401(K) PLAN; AND THE PIPE FITTERS' TRAINING FUND, LOCAL 597 (collectively "TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to subscription agreements binding employers to the Area Agreement between the Mechanical Contractors Association of Chicago ("MCA") and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A., ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is an industry improvement fund administered by the MCA in Burr Ridge, Illinois.

5. The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is jointly administered by the MCA and the UNION in Chicago, Illinois.

6. The UNION is the bargaining representative of Defendant TEMP CONTROL's bargaining unit employees.

2

7.     Defendant TEMP CONTROL is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois.

8.     Defendant MILLER is the President of Defendant TEMP CONTROL.

**COUNT I**
**BREACH OF AREA AGREEMENT AND TRUST AGREEMENTS**

9.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10.    TEMP CONTROL is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Area Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action.  (A copy of the Subscription Agreement is attached as Exhibit 1); (A copy of the Area Agreement is attached as Exhibit 2).

11.    Through the agreements referred to in paragraph 10, the Defendant TEMP CONTROL also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

12.    Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, TEMP CONTROL is required to make monthly reports of hours worked by Covered Employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Area Agreement at the negotiated rate.  The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13.    Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Area Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and

contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14.     Pursuant to the provisions of the Area Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND and the PFCGC on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

15.     Pursuant to the Area Agreement, TEMP CONTROL is required to deduct UNION dues from its employee's paychecks (called wage work assessment) and remit payment of those dues to the UNION.

16.     On or about December 6, 2016, Defendants TEMP CONTROL and MILLER entered into a Secured Settlement Agreement with the TRUST FUNDS and the UNION to pay unpaid contributions, liquidated damages, interest, and attorney's fees in the aggregate amount of $29,531.90 over the course of six (6) monthly installment payments.  (A copy of the Settlement Agreement is attached as Exhibit 3).

18.     The Settlement Agreement provides that TEMP CONTROL shall submit ongoing Contribution Reports and payments to the TRUST FUNDS and UNION in a timely manner throughout the duration of the Agreement.  (Exhibit 3).

19.     The terms of the Settlement Agreement provide that MILLER shall be individually liable for all of the obligations of TEMP CONTROL under the terms of the Agreement.  (Exhibit

4

3).

20.  The Settlement Agreement further provides that in the event that TEMP CONTROL and/or MILLER default on any of their obligations under its terms, an additional liquidated damages charge of 10% of all unpaid amounts shall become due and owing by TEMP CONTROL and MILLER. (Exhibit 3).

21.  TEMP CONTROL and MILLER failed to remit their sixth and final settlement payment for the month of June 2017 as required by the terms of the Secured Settlement Agreement.

22.  TEMP CONTROL and MILLER further failed to submit TEMP CONTROL's May 2017 contributions and UNION dues in the aggregate amount of $31,184.57.

23.  As a result of TEMP CONTROL and MILLER's failure to remit TEMP CONTROL's May 2017 contributions, liquidated damages have accrued in the amount of $3,118.46.

24.  TEMP CONTROL and MILLER likewise failed to submit TEMP CONTROL's May 2017 401(k) elective deferrals in the aggregate amount of $1,689.34.

25.  As a result of TEMP CONTROL and MILLER's failure to remit TEMP CONTROL's May 2017 401(k) elective deferrals, liquidated damages have been assessed in the amount of $168.93.

26.  TEMP CONTROL and MILLER also owe the TRUST FUNDS and UNION the aggregate amount of $3,686.10 in liquidated damages and $363.62 in interest for their failure to timely remit TEMP CONTROL's contributions for the months of January 2017 and February 2017.

27.  TEMP CONTROL and MILLER owe the TRUST FUNDS and UNION the principal balance of $4,937.25 under the terms of the breached Settlement Agreement.

28.  As a result of TEMP CONTROL and MILLER's breach of the Settlement Agreement,

liquidated damages have been assessed in the aggregate amount of $493.73.

29. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from TEMP CONTROL and MILLER.

30. Plaintiffs have complied with all conditions precedent in bringing this suit.

31. TEMP CONTROL and MILLER are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements, Settlement Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, in the aggregate amount of $31,184.57 for contributions and union dues owed for the month of May 2017;

B. That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, in the aggregate amount of $3,118.46 for liquidated damages owed for the month of May 2017;

C. That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, in the aggregate amount of $1,689.34 for 401(k) elective deferrals owed for the month of May 2017;

D. That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, in the aggregate amount of $168.93 for liquidated damages owed for the month of May 2017;

E.   That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, in the aggregate amount of $3,686.10 in liquidated damages and $363.62 in interest owed for the months of January 2017 and February 2017;

F.   That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, in the aggregate amount of $4,937.25 owed under the terms of the breached Settlement Agreement;

G.   That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, in the aggregate amount of $493.73 for liquidated damages owed under the terms of the breached Settlement Agreement;

H.   That Judgment be entered in favor of Plaintiffs and against Defendants TEMP CONTROL and MILLER, jointly and severally, for all unpaid contributions, elective deferrals, liquidated damages, interest and audit fees that are found to be due and owing in addition to the amounts referenced in paragraphs A through G above;

I.   That Defendants TEMP CONTROL and MILLER be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements, Security Agreement, and 29 U.S.C. §1132(g)(2)(D); and

J.   That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants TEMP CONTROL and MILLER's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**JOHNSON & KROL, LLC**

By: /s/ Nicollette L. Khuans
      One of Plaintiffs' Attorneys

Nicollette L. Khuans
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472